## MALDONADO v. STATE.
### No. 11480.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 3, 1945.

T. B. Monroe, of San Antonio, for appellant.

John R. Shook, of San Antonio, for appellee.

NORVELL, Justice.

Charles Maldonado, a minor, by his father as next friend, has appealed from an order of the County Court of Bexar County, sitting as a Juvenile Court, changing his commitment from the Bexar County School for Boys to the Gatesville State School for Boys.

This appeal is prosecuted upon the theory that this Court has jurisdiction under the provisions of the Juvenile Delinquency Act of 1943. Article 2338—1, Vernon's Ann.Civ.Stats., Acts 1943, 48th Leg. p. 313, ch. 204. Section 21 of said Act provides that "An appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases."

The transcript discloses that on May 27, 1943, an order was entered in the County Court of Bexar County, sitting as a Juvenile Court, adjudging Charles Maldonado to be a delinquent child. This order reads in part as follows:

"It is therefore ordered, adjudged and decreed by the Court that said Charles Maldanado is a ward of this Court and as such shall be subject to the orders of the Court until he shall have attained the age of twenty-one years, to-wit: 8/11/1949 unless otherwise ordered by the Court.

"It is accordingly ordered that said Charles Maldanado be and is hereby committed to Bexar County School for Boys for an indeterminate period not to exceed beyond 8/11/1949 when he shall have reached the age of twenty-one years; and the Bexar County Probation Officer is hereby commanded to take the body of the said Charles Maldanado and forthwith deliver him to the Superintendent of the said Bexar County School for Boys."

Evidently this order of commitment was suspended during good behavior (although the order contained in the transcript fails to so provide), for on August 31, 1944, the County Judge, upon motion of the Assistant Juvenile Officer of Bexar County, entered a further order which refers to the order of May 27, 1943, as "sentencing said Charles Maldanado to the Bexar County School for Boys as a delinquent child (and) suspending said sentence during good behavior," and provides that, "the suspended sentence be and the same is hereby revoked, and Charles Maldanado is sentenced and committed to the Gatesville State School for Boys for an indeterminate period, not to exceed beyond the 11th day of August, A.D.1949, at which time said child will become 21 years of age."

The Juvenile Delinquency Act of 1943 became effective sixty days after May 1, 1943. Section 24 of the Act reads as follows:

"Sec. 24. Laws Repealed. Articles 1083, 1084, 1085, 1086, 1088, 1089, 1090, 1091, 1092, 1093 of the Code of Criminal Procedure, and Article 1087 of the Code of Criminal Procedure as amended Acts 1927, 40th Legislature, Chapter 163, Section 1, are hereby repealed.

"Articles 2329 and 2338 of the Revised Civil Statutes of Texas, 1925, are hereby repealed.

"All laws and parts of laws in conflict herewith are also repealed."

However, the Act contained a saving clause, which is as follows:

"Sec. 22. Saving Clause. In all cases where the court has continuing jurisdiction of the children already adjudged delinquent, any of the Acts herein repealed shall continue in force as applicable to such children, and the provisions of such Statutes may continue to be exercised with reference to all such children where such jurisdiction has already attached." Vernon's Ann.Civ.St. art. 2338—1 note.

Since the order of May 27, 1943, provides for continuing jurisdiction of the Juvenile Court over the minor, Charles Maldonado, (Article 2338, Vernon's Ann. Civ.Stats., Amended Acts 1941, 47th Leg. p. 355, ch. 193), this case comes within the provisions of the saving clause of the Juvenile Delinquency Act of 1943, and consequently the laws mentioned as being repealed in Section 24 of the Act, are nevertheless effective insofar as this case is concerned. Article 1093, Vernon's Ann. Code of Criminal Procedure which provides for an appeal to the Court of Criminal Appeals is applicable rather than Article 2338—1, Section 21, Vernon's Ann. Civ.Stats., which provides for an appeal to this Court.

The appeal is dismissed for want of jurisdiction.